PER CURIAM.
We reverse an order awarding attorney’s fees pursuant to several proposals for settlement to all of the plaintiffs/appellants. The defendants offered each plaintiff $1,000 to settle this medical malpractice action, conditioned upon the plaintiffs signing releases, indemnity agreements, and confidentiality agreements. None of the agreements were attached to the proposals, nor were their terms included in the proposals. After a trial at which the *436 defendants prevailed, they moved for attorney’s fees pursuant to the proposals for settlement, which the trial court granted and for which it awarded fees. The trial court erred, because the proposals for settlement did not comply with Florida Rule of Civil Procedure 1.442. Without the attachment of the agreements for release, indemnity, and contribution, or an inclusion of their terms in the proposals of settlement, the proposals did not satisfy the particularity requirement of Rule 1.442(c)(2), which requires the settlement proposals to “state with particularity any relevant conditions” and “non-monetary terms.”[1] See State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1079 (Fla.2006). Thus, they are “too ambiguous to satisfy rule 1.442.” Id.

Reversed.

WARNER, STEVENSON and CONNER, JJ., concur.

. Although appellants also argue that the indemnity and confidentiality agreements could constitute monetary terms, we do not address this question, as that would depend on the terms of the agreement, which were not disclosed.